**DANIEL I. PACE**
Alaska Bar No. 1305008
DAN@PACELAWOFFICES.COM
**PACE LAW OFFICES**
101 E 9th Ave, Ste 7A
Anchorage, AK 99501
P: (907) 222-4003
F: (907) 222-4006

**JACK SIEGEL**[1]
Texas Bar No. 24070621
JACK@SIEGELLAWGROUP.BIZ
**SIEGEL LAW GROUP PLLC**
10440 N. Central Expy., Suite 1040
Dallas, TX 75231
P: (214) 790-4454 phone
F: (469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL**[2]
Texas Bar No. 00793380
JDBRAZIEL@L-B-LAW.COM
**JAY FORESTER**[3]
Texas Bar No. 24087532
FORESTER@L-B-LAW.COM
**TRAVIS GASPER**[4]
Texas Bar No. 24096881
GASPER@L-B-LAW.COM
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
P: (214) 749-1400
F: (214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

---

[1] Pending *pro hac vice* admission
[2] Pending *pro hac vice* admission
[3] Pending *pro hac vice* admission
[4] Pending *pro hac vice* admission

| RAY ALLI, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b), <br><br> *Plaintiff*, <br> v. <br><br> ASRC ENERGY SERVICES, LLC, <br><br> *Defendant*. | Civil Action No. 3:16-cv-00280-TMB <br><br><br> COLLECTIVE AND CLASS ACTION COMPLAINT |
|---|---|

## I.  PRELIMINARY STATEMENT OF FACTS

Plaintiff Ray Alli ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated and the proposed Rule 23 Alaska Class Members, to recover overtime compensation from his former employer ASRC Energy Services, LLC, and in support shows the following:

1. Plaintiff and other non-exempt employees work well in excess of 40 hours per week for Defendant on a regular basis. Defendant deprived Plaintiff and the Class Members of a significant amount of overtime compensation by failing to include all required remuneration, including but not limited to non-discretionary bonuses, into their regular rate to calculate and pay overtime ("Overtime Miscalculation Policy"). Defendant's failure to include all required remuneration in the regular rate violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the Alaska Wage and Hour Act, Alaska Stat. §§ 23.10.050 ("Alaska Wage Law").

## II.  PARTIES

2. Plaintiff is a resident of Alaska and worked for Defendant as a non-exempt employee during the relevant statutory periods. His consent to participate is attached as Exhibit A.

3. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA. The "FLSA Class Members" consist of Defendant's current and former non-exempt employees who received a non-discretionary bonus that was not included in the regular rate of pay that worked for Defendant in the United States within three years of the date of this filing.

4. Plaintiff also brings this action as a Rule 23 class action pursuant to Alaska Wage Law. The Rule 23 Alaska Class Members ("AK Class Members")(FLSA Class Members and AK Class Members collectively, "All Class Members") consist of Defendant's current and former non-exempt employees who received a non-discretionary bonus that was not included in the regular rate that worked for Defendant in or out of Alaska within two years of the date of this filing.

5. Defendant ASRC is an Alaskan Corporation that operates in this District that may be served through its registered agent Corporation Service Company located at 9360 Glacier Highway, Suite 202, Juneau, AK 99801, or wherever it may be found.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

7. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

8. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District and because Defendant resides in this District.

## IV. COVERAGE FACTS AND ALLEGATIONS

9. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and All Class Members.

10. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and Alaska Wage Law.

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12. Defendant operates or has operated in interstate commerce, by among other things, dispatching labor and equipment to states including Alaska and Louisiana.

## V. ADDITIONAL FACTUAL ALLEGATIONS

13. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of All Class Members.

14. Defendant provides consulting and contracting services to energy, natural resources, industrial and power industry companies throughout the United States. During that the last three years, Defendant did and continues to do over $500,000 per year in business. Defendant employed Plaintiff and the other non-exempt workers to help perform services for customers. Plaintiff and All Class Members regularly worked in excess of 40 hours per week during their employment.

15. While Defendant and other employers can pay non-exempt employees on an hourly or other non-exempt basis, all employees paid on a non-exempt basis must receive time-and-one-half their regular rate for hours worked in excess of 40 per week. Employers must total

all sums received and divide by total hours worked in order to calculate their employees' regular rate. Employers violate the FLSA and Alaska Wage Law when they fail to include all required remuneration, including specifically non-discretionary bonuses, into the regular rate to calculate and pay overtime.

16. Plaintiff and All Class Members are Defendant's non-exempt, hourly employees who received a non-discretionary bonus that was not included in the regular rate during the relevant statutory periods. Defendant paid Plaintiff and the FLSA Class Members one-and-one-half times their hourly rate for some hours worked, but violated the FLSA by failing to include all required remuneration, and specifically non-discretionary bonuses, into Plaintiff and the All Class Members' regular rate to calculate and pay overtime. Defendant's exclusion of non-discretionary bonus payments from the regular rate deprived Plaintiff and All Class Members of receiving overtime at the rate required by both the FLSA and Alaska Wage Law.

17. Plaintiff and All Class Members have a right to receive overtime pay at the rate of time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per workweek. Defendant knew of the FLSA's overtime requirements, but chose not to pay overtime in compliance with the law despite knowing that Plaintiff and All Class Members regularly worked over 40 hours per week. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the respective Class Members overtime at the rate required by the FLSA and Alaska Wage Law.

### VI. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed non-exempt work. Defendant also subjected Plaintiff and the FLSA Class Members to the same illegal pay policy: The Overtime Miscalculation Policy that

failed to include all required remuneration, and specifically non-discretionary bonuses, into the regular rate to calculate and pay overtime. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

19. Plaintiff's experience is typical of the FLSA Class Members: Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the FLSA Class Members. All FLSA Class Members—regardless of their precise job requirements or rates of pay—have a right to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the FLSA Class Members.

## VII. CLASS ACTION ALLEGATIONS

20. Plaintiff incorporates all allegations previously made in this Complaint.

21. Plaintiff brings his class action on behalf of the AK Class Members.

22. The AK Class Members are so numerous that their joinder is impracticable. While the precise number of the AK Class Members is unknown, at least 500 hourly employees who received a non-discretionary bonus worked at least one workweek of more than 40 hours in or out of Alaska within the past two years.

23. Common questions of law and fact for the AK Class Members predominate over any questions affecting any individual member, including:

    a. Whether Defendant violated Alaska Wage Law by failing to include non-discretionary bonus pay into the regular rate to calculate and pay overtime to the AK Class Members;

b. The proper measure of damages sustained by AK Class Members;

c. Whether Defendant should be enjoined for such violations in the future.

24. Plaintiff's claims are typical of those of the AK Class Members: He and the AK Class Members (1) were non-exempt employees (2) that worked over 40 hours in at least one workweek in Alaska over the past two years (3) that received a non-discretionary bonus not included in the regular rate (5) that Defendants denied overtime at legally required rate of one-and-one half times their regular rates of pay for overtime work.

25. Plaintiff will fairly and adequately protect the AK Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

26. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

27. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

### VIII. COUNT I: FAILURE TO PAY WAGES IN

## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. During the relevant time period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

### IX. COUNT 2: VIOLATION OF ALASKA WAGE LAW

29. Plaintiff and the AK Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek or eight hours in a day pursuant to the formula outlined in the Alaska Administrative Code, 8 AAC § 15.100(b), incorporating 29 CFR §§778.115, 778.116, 778.117, 778.117-778.122 & 778.208-778.215. During the relevant time period, Defendant violated and continue to violate Alaska Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the AK Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the AK Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under Alaska Law.

### X. RELIEF SOUGHT

30. WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against Defendant for the FLSA collective action claims as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

31. WHEREFORE, Plaintiff, individually and on behalf of the AK Class Members, prays for relief against Defendant for the Alaska Rule 23 claims as follows:

a. For an Order Certifying the Alaska Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable Alaska Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated relevant Alaska Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

c. For an Order awarding Plaintiff and the applicable AK Class Members all unpaid overtime compensations, liquidated damages, and all available penalty wages under applicable Alaska Wage Law;

d. For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Daniel I. Pace*
**DANIEL I. PACE**
Alaska Bar No. 1305008
DAN@PACELAWOFFICES.COM
**PACE LAW OFFICES**
101 E 9th Ave, Ste 7A
Anchorage, AK 99501
P: (907) 222-4003
F: (907) 222-4006

**JACK SIEGEL**[5]
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
P: (214) 790-4454
F: (469) 339-0204 fax
www.4overtimelawyer.com

---

[5] Pending *pro hac vice* admission

J. Derek Braziel[6]
Texas Bar No. 00793380
Jay Forester[7]
Texas Bar No. 24087532
Travis Gasper[8]
Texas Bar No. 24096881
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
P: (214) 749-1400 phone
F: (214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document will be served on Defendant with the summons for this lawsuit.

*/s/ Daniel I. Pace*
**Daniel I. Pace**

---

[6] Pending *pro hac vice* admission
[7] Pending *pro hac vice* admission
[8] Pending *pro hac vice* admission